People v Nesbitt

2026 NY Slip Op 02480

April 23, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Anthony Nesbitt, Appellant.

Decided and Entered:April 23, 2026

113194B

Calendar Date: March 25, 2026

Before: Garry, P.J., Reynolds Fitzgerald, Powers, Mackey And Ryba, JJ.

Cynthia Feathers, Saratoga Springs, for appellant.

Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

[*1]

Mackey, J.

Appeal from a judgment of the County Court of Schenectady County (Mark Caruso, J.), rendered August 30, 2021, convicting defendant upon his plea of guilty of the crimes of criminal contempt in the first degree, attempted assault in the second degree and menacing in the second degree.

In satisfaction of an 11-count indictment, defendant pleaded guilty to the crimes of criminal contempt in the first degree, attempted assault in the second degree and menacing in the second degree. The plea agreement also required defendant to waive his right to appeal. County Court thereafter sentenced defendant, as a second felony offender, to the agreed-upon consecutive terms of imprisonment of 2 to 4 years on the two felony convictions and to a lesser concurrent sentence on the menacing conviction. Defendant appealed, and this Court rejected counsel's Anders brief, withheld decision and assigned new counsel to represent defendant on appeal (237 AD3d 1366 [3d Dept 2025]).

Initially, we agree with defendant that his appeal waiver is invalid. The written waiver signed by defendant indicates that it "mark[s] the end of [his] case" and advises that he is waiving the right to appeal any matters "which [he] may collaterally attack in any state or federal court." While the written waiver and the brief oral colloquy do advise that some direct appellate review survives, neither clarified that defendant's right to seek collateral relief also survives. Accordingly, defendant's appeal waiver is not knowing, intelligent or voluntary (see People v Appiah, 218 AD3d 1060, 1061 [3d Dept 2023], revd on different grounds 41 NY3d 949 [2024]). As a result, defendant's challenge to the severity of his sentence is not precluded (see People v Paige, 243 AD3d 1022, 1023 [3d Dept 2025]; People v Gouge, 239 AD3d 1143, 1144 [3d Dept 2025]). That said, we do not find the imposition of the agreed-upon consecutive sentences to be improper (see People v Loadholt, 234 AD3d 1188, 1189 [3d Dept 2025]) or unduly harsh or severe (see CPL 470.15 [6] [b]), and we decline defendant's invitation to modify his sentence in the interest of justice (see CPL 470.15 [3] [c]). Finally, although defendant contends that County Court failed to follow through with its commitment at sentencing to attach a letter of support written by his fiancÉe to his presentence report, any request for such relief should be addressed to County Court.

Garry, P.J., Reynolds Fitzgerald, Powers and Ryba, JJ., concur.

ORDERED that the judgment is affirmed.